## THE STATE v. F. M. DYER.

SWINDLING.—An indictment for falsely representing an instrument of writing, in form a promissory note, to be a draft, and thereby obtaining money for it, is not sufficient. The indictment should disclose in what particular the instrument was defective. The name of the instrument, if valid, is immaterial.

APPEAL from the criminal court of Sherman, Grayson county. Tried below before the Hon. Silas Hare.

F. M. Dyer was indicted, the charge being that he, fraudulently intending to swindle one John Bodine, did unlawfully, falsely, and fraudulently pretend to the said John Bodine that a certain writing obligatory, which he, the said F. M. Dyer, then and there fraudulently and falsely pretended to be a draft, and which said writing obligatory was in words and figures as follows:

"SHERMAN, TEXAS, *Jan.* 22, 1873.

"One day after date, for value received, we promise to pay to the order of F. M. Dyer one hundred dollars.

(Signed)     "G. VANWINKLE & Co.

"Per SLATER."

Was a good and genuine writing obligatory for the payment of one hundred dollars, and which said writing obligatory he, the said F. M. Dyer, then and there endorsed in blank by then and there writing his, the said F. M. Dyer's name across the back thereof; whereas in truth and in fact the writing obligatory aforesaid was not a draft, as the defendant, F. M. Dyer, then and there well knew, nor was the said writing obligatory a good and valid obligation for the payment of the sum of money therein mentioned, or for the payment of any sum whatever, as the said defendant, F. M. Dyer, then and there well knew; by means of which said false and fraudulent pretenses, and by reason of the said John Bodine then and there believing said pretenses to be true, the said F. M. Dyer did then and there acquire from the said John Bodine the sum of five dollars in lawful paper money of the said United States of America, with the intent then and there to appropriate the same to the use of him, the said F. M. Dyer."

On motion of defendant the court quashed the indictment, and the State appealed.

*George Clark, Attorney General*, for the State.

No brief for appellee.

DEVINE, ASSOCIATE JUSTICE.—This case is presented by the State on appeal from the judgment of the criminal court of Sherman quashing the indictment.

Appellee was indicted for "fraudulently intending to swindle one John Bodine" by falsely and fraudulently representing to Bodine that the following-described instrument of writing was a draft:

"SHERMAN, TEXAS, *January* 22, 1874.

"One day after date, for value received, we promise to pay to the order of F. M. Dyer one hundred dollars.

"G. VANWINKLE & Co.,

"Per SLATER."

The indictment further charged that defendant, knowing that the instrument was not a draft, and not a valid obligation for the payment of one hundred dollars, or for any sum, indorsed the same, and received from Bodine the sum of five dollars.

We are unable, from the indictment, to discover in what the fraudulent representations consisted. It is not charged that the instrument was a forgery, and that fact known to defendant, or that he was in any way connected with it; neither is there anything beyond the general statement that defendant knew it was not a valid obligation. The indictment contains no averment that Slater was not authorized to sign the firm's name; nothing to show that the signature of the firm was obtained through Slater, or that he was induced to sign it by false representations; or that no such firm existed, and that defendant had knowledge of the same. The defendant was entitled to have the charge against him stated with sufficient fullness and clearness to apprise him of what he was called on to defend beyond the mere charge that he knew the written obligation was valueless. The charge that he represented it to be a draft is not, in our opinion, a fact of any importance. If the in-

strument was a valid obligation against Vanwinkle & Co., it was good for the amount called for, and it is not a material fact whether he called it a draft, a due bill, or "written obligation." It did not operate to the prejudice of Bodine. The indictment was liable to the principal objections raised by defendant, and there was no error in the judgment, and it is affirmed.

AFFIRMED.