## THE STATE V. E. L. LEVI AND S. HILBRON.

1. SWINDLING—INDICTMENT.—An indictment for obtaining money or property on false pretenses must contain a distinct averment that such pretenses were false. The want of such averment is fatal.
2. See an indictment for swindling held defective.

APPEAL from Marion. Tried below before the Hon. M. L. Crawford.

*George W. Smith*, for the State.

DEVINE, ASSOCIATE JUSTICE.—The defendants were indicted, charged with swindling under art. 2426, Pas. Dig.

The exceptions to the indictment were sustained, and the cause dismissed.

The District Attorney brings the case before us on appeal, and the question presented is the sufficiency of the indictment.

The charge in the indictment is that "E. L. Levi and one S. Hilbron, both late of said county, did unlawfully, fraudulently, and feloniously, and by means of a false and deceitful pretense and fraudulent representation then and there made by the said E. L. Levi and the said S. Hilbron to one N. A. Wright, to the effect that he, the said E. L.

Levi, and he, the said S. Hilbron, had placed seventy pounds of coffee, bought by the said N. A. Wright at the store of said Hilbron, upon the wagon of him, the said N. A. Wright, and by means of said fraudulent representation and false and deceitful pretense then and there made by said N. A. Wright, they, the said E. L. Levi and the said S. Hilbron, did acquire of and from said N. A. Wright the sum of fifteen dollars and seventy-five cents in money, the corporeal personal property of him, the said N. A. Wright, with intent to appropriate the same to the use of him, the said E. L. Levi, and of him, the said S. Hilbron, and to deprive said Wright of the same, the said E. L. Levi and the said S. Hilbron then and there well knowing that said coffee had not been placed upon the wagon of him, the said N. A. Wright, against," &c.

The indictment is defective in charging the offense. There is no distinct negative averment that the pretense was untrue. It is not sufficient to state that the pretense was false and deceitful, and that it was a fraudulent representation of the coffee being so placed on Wright's wagon.

Although the false pretenses be set out in the indictment in the exact words of the statute, it will not "dispense with the necessity of an independent averment that the pretenses were false. In other words, the pretense must be negatived by distinct averment." (2 Bishop's Cr. Proced., sec. 168.) This the indictment failed to do, and is consequently defective.

The averment that defendants then and there well knew that the coffee had not been placed on the wagon of said Wright, does not supply the omission of the negative averment. This latter charge, that they well knew, &c., &c., is necessary as a distinct and separate averment in the indictment. (2 Bishop's Cr. Proced., sec. 172.)

The charge in the indictment, that "by means of said fraudulent representation and false and deceitful pretense then and there made by said N. A. Wright," (if not a mis-

take of the clerk in copying the indictment,) is a charge that Wright's representations led to the obtaining from himself the fifteen dollars and seventy-five cents for the benefit of the defendants. This may be inferred to be an oversight in the framing of the indictment. As it stands in the indictment, it only affords an additional reason why the district judge should have sustained the motion.

There is no error in the judgment, and it is affirmed.

AFFIRMED.