LEW EPPERSON v. THE STATE.

INDICTMENT—FRAUDULENT REPRESENTATIONS.—An indictment for obtaining property by fraudulent representations should charge in terms that the property was acquired by means of the fraudulent representations. It is not sufficient to allege that the owner was swindled out of value of the property by means of the fraudulent representations.

APPEAL from Red River. Tried below before the Hon. John C. Easton.

Clark & Todd, for appellant.

George Clark, Attorney General, for the State.

ROBERTS, CHIEF JUSTICE.—The defendant being convicted under an indictment for the acquisition of property by a fraudulent representation, moved in arrest of judg-

ment, upon the general ground of the insufficiency of the indictment, with several others that related more to its form than to its substance, and need not therefore be discussed. The indictment charged that the defendant fraudulently represented to Mary Roland, wife of Denton Roland, that Denton Roland had sent him to her to get a side of bacon for his, defendant's, own use, and that she delivered to him the side of bacon, &c. In the concluding part of the indictment, it alleges that defendant, by means of the said fraudulent representations, did swindle the said Denton Roland out of the value of the said side of bacon, &c. The facts stated in the indictment are here recited only to an extent to show its substantial deficiency. It should have stated that the side of bacon was acquired by means of the fraudulent representation made by him to Mary Roland. That was the most essential part of the charge, as contemplated by the statute, which embraces three leading ingredients, which are, (first,) the acquisition of the personal property of another; (second,) by means of a fraudulent representation made to the person from whom it is acquired; (third,) with intent to appropriate the same to the use of the party so acquiring. (Pas. Dig., art. 2426, (773a.)

It should have been directly alleged in this case that defendant acquired the side of bacon by means of the fraudulent representation (setting it out) made to Mary Roland, from whom he obtained it, with such other allegations as would have made the offense complete. This requisition was not fulfilled by averring in the conclusion that Denton Roland was swindled out of the value of the side of bacon by means of such fraudulent representation. That may have been the statement of a correct legal conclusion, from the real facts of the case, but it was not the statement of facts upon which such legal conclusion could be based.

For this defect in the indictment, the motion in arrest

of judgment should have been sustained, and for the error of the court therein, the judgment is reversed and cause remanded.

REVERSED AND REMANDED.