No. 2717.

## S. M. Wills v. The State.

Swindling—Indictment charged the offense of swindling by means of a promissory note, which, though he knew it to be neither valid nor genuine, the accused represented to be good, valid and genuine. The indictment sets out the note in *hæc verba*, and upon its face it appears to be a valid obligation. The indictment, however, fails to allege the facts which render the note invalid and worthless. Exception to the indictment and a motion in arrest of judgment based upon this omission were overruled. *Held*, that the exception and the motion in arrest were well taken, and should have prevailed.

Appeal from the District Court of Taylor. Tried below before the Hon. T. H. Conner.

The opinion states the case. The penalty assessed was a term of two years in the penitentiary.

*M. A. Spoonts*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

Willson, Judge. It is alleged in the indictment, in substance, that the defendant swindled one D. Gordon out of thirty dollars in money, by means of a certain promissory note, which note is set forth *in haec verba* in the indictment. It is alleged that defendant falsely represented to said Gordon that said note was a good, valid and genuine promissory note, etc., whereas, in truth and in fact, it was not a good, valid and genuine promissory note, but was valueless, which fact defendant well knew, etc. Exceptions were made by the defendant to the indictment, which were overruled. Also, after conviction, defendant moved in ar-

rest of judgment, specifying, as grounds for said motion, several supposed defects in the indictment, one of said grounds being that said indictment does not allege the reason why said promissory note was not valid, etc. The motion in arrest of judgment was overruled.

We are of the opinion that the indictment is fatally defective in that it does not show the facts which rendered the said promissory note invalid and worthless. As set forth in the indictment, said note appears to be a valid obligation. If it was in fact a forged instrument, or was without consideration, or had been paid, or was, for any other reason, invalid and worthless, the indictment should have disclosed the facts rendering it so, and thus have apprised the defendant of the particular case he was called upon to answer. An indictment in substance the same as this one was, for the same defect here insisted upon, held bad by our Supreme Court in The State v. Dyer, 41 Texas, 520. That case being in point, and being in our opinion correct in principle, is decisive of this one.

Because the court erred in overruling the exceptions to the indictment, and in overruling the motion in arrest of judgment, the judgment is reversed, and because the indictment is substantially defective the prosecution is dismissed.

*Reversed and dismissed.*