## McCASKILL *v.* STATE.

Opinion delivered December 15, 1900.

REMOVAL OF MORTGAGED PROPERTY—PROOF OF DEBT.—A conviction of removing property upon which a lien existed will be set aside if there was no proof of the existence of the debt which the lien was intended to secure. (Page 491.)

Appeal from Prairie Circuit Court.

EUGENE LANKFORD, Special Judge.

*J. G. Thweatt* and *James P. Clarke*, for appellant.

It was necessary, to convict the appellant, to show the indebtedness under the mortgage, and that the same was valid and unpaid. 49 Ark. 436; 1 Texas, App. 438; 50 Iowa, 194. There is no proof that the removal of the property was made without the consent of Campbell, Hunt and Adams. 44 Ark. 39. Under the proof in this case no conviction can be had. Sand. & H. Dig., § 2230; 25 Ark. 92; 43 Ark. 367; 80 Ky. 349; 24 Texas, App. 404; 25 Texas, App. 661. The presiding judge was a state senator and incompetent, and the verdict should be set aside. Const. of Ark. art. 5, § 10; 25 Ark. 622.

*Jeff Davis* and *Chas. Jacobson*, for appellee.

The indictment charges a valid and subsisting lien at the time of the removal. Sand. & H. Dig., §§ 1868, 5091. The presiding judge was at least an officer *de facto*, and his actions would not be subject to collateral attack. 38 Conn. 449; 33 La. An. 1413; 17 Wis. 528; 29 Pa. St. 109. A direct proceeding to try his title is necessary. 2 Texas App. 560; Throop, Pub. Officers, § 651.

BUNN, C. J.　This is an indictment against the defendant J. C. McCaskill and others for the crime of "removing property upon which a lien existed," as charged in one paragraph, but, as charged in another, "of accessory before the fact to removing property upon which a lien existed." A demurrer in short upon the record was interposed to both counts of the indictment, and, the same being overruled, defendants moved for a severance on the trial, which motion being sustained the defendants elected to try J. C. McCaskill first, and a trial was accordingly had, resulting in a verdict against him assessing the punishment at one year in the penitentiary.

The defendant then moved the court in arrest of judgment because of the disqualification of the special judge, the Hon. Eugene Lankford, who tried the case, in this, that the trial was heard during his term as state senator. The motion in arrest being overruled, defendant filed his motion on thirty-one several grounds, to set aside the verdict and for a new trial, which being overruled defendant filed his bill of exceptions and appealed.

In brief of counsel the discussion is narrowed down to only a few of the errors complained of in the motion for new trial, and the second of these is as to the allegation of the existence of the lien and the want of evidence in relation thereto. In a case like this, the allegation of the existence of the debt at the time the offense is alleged to have been committed is a material allegation. It is material because, without the existence of the debt, there can be no lien, and the existence of the lien on the property removed, when taken in connection with the act of removal, is the very gravamen of the charge against the defendant. *State* v. *Gustafson*, 50 Ia. 194; *Satchell* v. *State*, 1 Texas App. 438. It goes without saying that the prosecution must sustain by evidence every material allegation in the indictment. The indictment in this case contains the allegations referred to in both counts. The existence of the lien in a mortgage is wholly dependent upon the existence of the debt it is intended to secure, for such, in express terms, is the condition upon which the mortgage is given. In this case there is no proof of the existence of the debt at the time the offense is

alleged to have been committed. There is, consequently, no proof that the lien existed at that time. The charge, therefore, that the defendant had removed property upon which the beneficiaries in the mortgage had a lien at the time, or had aided and abetted others in such removal, knowing of the existence of the lien thereon, for the purpose of defeating the beneficiaries in the collection of their debt, is not sustained by the evidence in the case, and for that reason the judgment must be reversed.

As some of the objections will not arise on a new trial, and others involve, more or less, a discussion of the weight of the evidence, we deem it unnecessary to say more, trusting to the trial court to avoid all real errors.

Reversed and remanded for a new trial.