## J. B. F. ROBINSON v. THE STATE.

### No. 834. Decided November 23, 1910.

**Swindling—Information—Affidavit.**

Where, in a prosecution for swindling, the affidavit and information did not show any connection between the false representations and the obtaining of the property, and failed to allege in any way that the prosecutor intended to part with the title of the latter, and the entire charge was inferentially made, the same was bad on motion to quash.

Appeal from the County Court of Waller. Tried below before the Hon. J. D. Harvey.

Appeal from a conviction of swindling; penalty, a fine of $150 and thirty days confinement in the county jail.

The opinion states the case.

*A. G. Lipscomb* and *W. J. Poole* and *Brockman, Kahn & Williams* and *E. T. Branch,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On November 11, 1909, an affidavit was filed in the County Court of Waller County purporting and intending to charge appellant with the offense of swindling. On January 29 of this year the county attorney of Waller County filed in said County Court, based on said affidavit, an information, the charging part

of which is as follows: "That heretofore, to wit, on or about the 1st day of June, 1909, in said county of Waller, and State of Texas, one J. B. F. Robinson, late of said county and State, with force and arms did then and there by means of false and fraudulent representations knowingly and fraudulently made to the said W. M. Wheeler by the said J. B. F. Robinson, through his agent, W. Pratt, did induce the said W. M. Wheeler to part with his lawful money in the sum of Twenty-six Dollars, lawful money of the United States, by representing to the said Wheeler that he was the owner of certain goods and had the right to dispose of same, when in truth and in fact said Robinson owned no such goods as represented to the said Wheeler and knew at said time that all of said representations were false and were made solely for the purpose of swindling the said Wheeler out of said sum of money contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State." On a trial appellant was found guilty and his punishment assessed at confinement in the county jail for a period of thirty days and a fine of $150.

A number of questions are raised on the appeal, but in view of the disposition we shall make of same, it becomes unnecessary to consider them. After the conviction a motion in arrest was filed, calling in question the sufficiency of the information for various reasons which have been amplified in the brief of counsel and are twelve in number and are thus presented:

"1st. The information fails to show any connection between the false representations and the obtention of the property. Hurst, 39 Texas Civ. App., 196; Hunter, 46 Texas Crim. App., 498. 2d. If it was intended to charge a swindle by means of exchange of property, it fails to allege a sale and delivery. Cummings, 36 Texas Crim. App., 152; Lutton, 14 Texas Crim. App., 519; Curtis, 31 Texas Crim. App., 39. 3d. The information fails to allege in any way that prosecutor intended to part with the title to the property. Curtis, 31 Texas Crim. App., 39. 4th. The information fails to allege directly that defendant acquired the property. Epperson, 42 Texas, 79; Cannon, 15 S. W. Rep., 117. 5th. The information fails to allege, directly and clearly, the ownership of the property. Mayo, 28 Texas Crim. App., 484, 13 S. W. Rep., 787; Washington, 41 Texas, 583. 6th. The allegation that appellant 'did induce the said W. M. Wheeler to depart with his lawful money' is not equivalent to a direct allegation that he delivered it to appellant, and that it was acquired by appellant. It is not clear whether Wheeler departed, taking his own money with him, or whether he departed, taking appellant's money, or what was said that induced him to depart, or whether, after being induced, he yielded to the seductiveness of the inducement. State v. Kelley, 70 S. W. Rep., 477; State v. Hubbard, 70 S. W. Rep., 883. 7th. It fails to allege directly that the false pretenses were untrue. State v. Levi, 41 Texas, 563. 8th. The

charge is laid inferentially, and by way of recital, instead of being made positively, clearly and directly. Marwilsky, 9 Texas Crim. App., 377. 9th. The information fails to set out directly the intent with which the property was acquired. Stringer, 13 Texas Crim. App., 520. 10th. It fails to allege directly that the property was acquired by means of the false pretenses. White, 3 Texas Crim. App., 605; Ervin, 11 Texas Crim. App., 536; Mathena, 15 Texas Crim. App., 473; Hightower, 23 Texas Crim. App., 451. 11th. It fails to allege in what the false pretenses consisted, so that it would appear whether it was a statement as to a past or existing fact, and not a promise of something to be done in the future. Hurst, 39 Texas Crim. App., 196. 12th. It charges no offense against the laws of the State (which objection has been said by a learned judge to be broad enough 'to cover all the objections that might be legally urged against the validity of an indictment.' Crayton, 45 Texas Crim. App., 84)." We think that there can be no doubt that the information is fatally defective in that it does not show any connection between the false representations and the obtaining of the property and that it fails to allege, in any way, that prosecutor intended to part or did part with the title to his property and that it fails to directly allege that he acquired any property and that the entire charge is laid inferentially and by way of recital, instead of being laid positively, clearly and directly. Since the affidavit which we have examined follows closely the language of the information, and is in fact more imperfect than the information, it is obvious that neither charge any offense against the laws of this State, but are fatally defective and do not sustain the conviction, and we will reverse the judgment of conviction and direct that the prosecution be and the same is hereby dismissed.

*Dismissed.*