### W. E. Hubbert v. State.

#### No. 1436.   Decided May 1, 1912.

**1.—Swindling—Indictment—Statutes Construed.**

Where one by false representations acquires from another a valuable right by procuring the latter's signature to a note, which renders him liable to pay same in the negotiation of a loan, the same comes within the meaning of the language used in Article 943, Penal Code, defining the offense of swindling.

**2.—Same—Insufficiency of Indictment.**

Where on account of the conflicting allegations in the indictment, in that it alleged that the swindling was accomplished by obtaining the note from the party injured, the owner thereof, and then alleging facts which in law show that said party was not the owner of said note and that the same was not obtained from him, the indictment was rendered insufficient, and the prosecution must be dismissed.

Appeal from the District Court of Hamilton. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of swindling; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Langford & Chesley* and *J. L. Lewis* and *Eidson & Eidson,* for appellant.—On the question that the note is not such an instrument upon which can be based a prosecution for swindling: Hurst v. State, 45 S. W. Rep., 573; Johnson v. State, 57 Texas Crim. Rep., 347, 123 S. W. Rep., 143; Resales v. State, 22 Texas Crim. App., 675; Baker v. State, 14 id., 332.

On the question that the indictment does not allege that the injured party was induced to sign the note on account of alleged false representation: Thorpe v. State, 50 S. W. Rep., 383; Epperson v. State, 42 Texas, 79; Curtis v. State, 31 Texas Crim. Rep., 39; White v. State, 3 Texas Crim. App., 605; Buckalew v. State, 11 Texas Crim. App., 352; Hightower v. State, 23 id., 451; Mathena v. State, 15 id., 473.

On the question that the indictment does not show the cause and connection between the alleged false representation and the signing or the execution of the note: Roberts v. State, 108 S. W. Rep., 842; Hunter v. State, 81 S. W. Rep., 730; and cases supra.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with swindling, tried and convicted, and his punishment assessed at two years confinement in the penitentiary.

. According to the theory of the State appellant approached one T. H. Moss and represented to said Moss that he was being pressed on a vendor's lien note of the amount of $1,000 with accumulated interest; that the farm against which this note was a lien was worth $6,000; that this note was all he owed except some small monthly accounts around town, and he, appellant, was in good financial condition, but would lose this farm unless he could raise the amount due, and requested Moss to sign his, appellant's note, with others to enable appellant to raise this sum. That Moss relied on these statements and signed the note of appellant for $1,250, due one year after date, together with H. O. Johnson and H. G. Driver, the note being signed by Driver subsequent to the time it was signed by Moss. The note is a joint note, and on its face all would be principals but the facts would show that appellant Hubbert was the principal in the note, and Johnson, Moss and Driver were his sureties. The State's evidence would tend to show, and the jury must have evidently so found, that the farm was not worth $6,000, or any amount near that sum; that the note due by appellant on this place was not all he owed, but he was indebted at that time in other and large amounts; that he was not in good financial condition, but was in fact insolvent at the time he procured the signature of Moss and the others to the note, and that other representations claimed by Moss to have been made to him by appellant to secure his signature to the note were in fact untrue.

1.   Appellant moved to quash the indictment, one of the grounds being that an indictment for swindling would not be based on these facts.   In this we do not think he is correct.   By Article 943 of the Penal Code it is provided that swindling is securing a valuable right by means of some false or deceitful pretense or device or fraudulent representation with the intent to injure the rights of the party alleged to be swindled.   And it is specially provided that the definition of swindling shall include any case which by fair construction of the language comes within the meaning of the language used in the statute. So if one goes to another, and by representing to him that he is solvent and responsible for all his debts; that he owes only a limited amount, naming it, and owns property of the value greatly in excess of said amount so claimed to be indebted, and that a named person will loan him a given amount if he, the person to whom the representations are made, will sign his note; that he is in urgent need of the money to pay a note, and thereby the property will be freed from debt, and become liable for the debts due by the person making the representations, and the person so approached is by said representations, relying solely thereon, induced to sign the note and become jointly liable thereon with others, and it further appears that said representations so made are false, and known to be untrue by the person making them, an indictment for swindling will lie, when the proper allegations are made.   He acquires from the person a valuable right, his signature to a note, and the right to render him liable to pay same by negotiating a loan on the note by representations; at least, such acts by fair construction would come within the fair intendment and meaning of the words previously used in the statute.

2.   However, the indictment in this case sets out the note, with the signatures thereto, and then follows a statement of the alleged facts, and alleges that by appellant presenting the note, already signed by himself and Johnson, to Moss for Moss' signature, and by Moss signing it, it (the note) became the property of Moss, and that appellant obtained the note from Moss, which is alleged to be the property of Moss, and the charge of swindling in the indictment is based on the allegations that by signing the note as surety Moss became the owner of the note, and appellant obtained such property from Moss by the false representations.   Moss by signing the note as surety did not become the owner of the note, and the indictment is contradictory in its allegations.   The Supreme Court has established the rule of law in this State to be that one who signs a note as surety never becomes the owner of the note, even though he is compelled to pay it. If he pays the note he is not such an owner even as can bring suit thereon against his principal and co-sureties on the note, but must bring his suit on an implied promise to reimburse for the amount paid.   (Holliman v. Rogers, 6 Texas, 91; Faires v. Cockerell, 88 Texas, 428; Jackson v. Murray, 77 Texas, 644; Willis v. Chowning, 90 Texas, 617.)   If a surety by payment of the note does not become

the owner of the note, and can not sue thereon but must rely solely on the implied promise to reimburse him in such sums as he may pay out, certainly he is not and does not become the owner of the note by merely signing same at the request of another, and for the other's benefit.

We have read and re-read the indictment in order to determine, if by treating as surplusage and striking out the allegations of ownership of the note in Moss, and obtaining the note from Moss by the false representations, there would be sufficient allegations to charge the offense of swindling, but we have concluded that there is not, for there is no sufficient allegation that he obtained from Moss that which he did really obtain, his signature to a note either as surety or accommodation maker, and that Moss was induced to sign the note of appellant by means of the false representations. As we view the indictment as a whole, it is based on the theory that Moss in signing the note became the owner thereof, and the swindling was accomplished by obtaining the note from Moss by means of the false representations, whereas in fact and in law Moss was never the owner of the note and no property was obtained from him, but the only thing that was obtained was his signature to a note which was then and always was the property of appellant (he being the principal in the note) until he negotiated it to the payee. Taking this view of the question, a portion of the grounds in the motion to quash the indictment must be sustained.

However, we do not wish to be understood as holding that an indictment for swindling can not be based on this character of transaction, but the allegations should be that by means of the false representations he obtained the signature alleged to have been obtained to a note for a given amount, and by said means securing a valuable right, setting up the fact that it was desired to obtain money from a given person, which could not have been obtained by the maker of the note without securing additional signatures to the note, either as sureties or co-principals, and in order to obtain the money from such person, the false representations were made to induce Moss to sign the note, thereby enabling appellant to obtain the money from the payee in the note, and by reason of acts and said representations Moss had become liable on the note.

On account of the conflicting statements and allegations in the indictment, in that it alleges that the swindling was accomplished by obtaining the note from Moss, the owner thereof, and then stating facts which in law show that Moss was not the owner, and same was not obtained from him, the indictment is quashed and appellant is discharged.

The judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*