## M. L. Moore v. The State.

### No. 4549.  Decided October 3, 1917.

**1.—Swindling—Indictment—Pleading—Mortgage.**

Upon trial of swindling on account of the acquisition of a certain sum of money in the sale of certain personal property on the false representation that it was free from incumbrance, it was unnecessary to set out the mortgage which constituted the alleged incumbrance upon said property. This should be alleged with sufficient accuracy but not necessarily in haec verba. However, the indictment is defective in not affirmatively alleging the existence of the debt.

Following. McElroy v. State, 67 Texas Crim. Rep., 203, 150 S. W. Rep., 797, and other cases.

### 2.—Same—Election by State—Charge of Court.

Where, upon trial of swindling, and also on another count in the indictment charging fraudulent disposition of mortgaged property, which latter charge was not submitted to the jury, and only the count of swindling was submitted in the charge of the court, this was equivalent to an election by the State, and there was no reversible error. Betts v. State, 57 Texas Crim. Rep., 389, and other cases.

### 3.—Same—Pleading—Indictment.

Where defendant was indicted for swindling, and the fraudulent disposition of mortgaged property on two different counts, the mortgage should be more fully and accurately described, the existence of the debt should be alleged, and that the money was acquired by defendant, etc., and the connection between the false statement and the acquisition of the money should be more definitely alleged. Following Johnson v. State, 57 Texas Crim. Rep., 347.

·Appeal from the District Court of Wichita.    Tried below before the Hon. W. N. Bonner.

Appeal from a conviction of swindling; penalty, three years confinement in the penitentiary.

The opinion states the case.

*T. F. Hunter* and *Walter Nelson,* for appellant.—On question of averring written instrument: Ferguson v. State, 8 S. W. Rep., 479; Salter v. State, 38 S. W. Rep., 212; Lively v. State, 74 S. W. Rep., 321; Doxey v. State, 84 S. W. Rep., 1061; Wilson v. State, 193 S. W. Rep., 669.

On question of election by State: Dalton v. State, 4 Texas Crim. App., 333; Luna v. State, 44 Texas, 482; Williams v. State, 44 Texas Crim. Rep., 316, 70 S. W. Rep., 957; Mora v. State, 74 Texas Crim. Rep., 26, 167 S. W. Rep., 344.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of swindling on account of the acquisition of $600 in money in the sale of certain personal property on the false representation that it was free from encumbrance.

The facts are sufficient to support the verdict, but the indictment is assailed upon several grounds.    It was charged that the property sold was mortgaged to secure a debt of $621.    Appellant claims that the rule which requires a false pretense to be specifically averred, and that where such false pretense is in whole or in part in writing or based on a written instrument that the writing or instrument should be set out, would require the mortgage which constituted the·alleged encumbrance upon the property to be set out in haec verba in the indictment, citing Wilson v. State, 80 Texas Crim. Rep., 622, 193 S. W. Rep., 669, and other cases.

The mortgage was not false pretense but was a part of the evidence that the representations made were untrue.    The law requires the truth

of the pretense to be negatived. Wharton's Criminal Law, section 1491. The negative allegation should be specific, but the cases relied on by appellant do not support the contention that in order to allege that the statement that the property was unencumbered was untrue it would be necessary to set out the mortgage in haec verba. It should be set out with sufficient particularity to accurately describe it but not necessarily in full. It is essential that the existence and validity of the mortgage should be directly averred. To accomplish this the allegation of the existence of the debt was imperative in order to show that the allegation that the property was unencumbered was false. McElroy v. State, 67 Texas Crim Rep., 603, 150 S. W. Rep., 797; Robberson v. State, 3 Texas App. Rep., 505; Stachell v. State, 1 Texas App. Rep., 438; McCaskill v. State, 60 S. W. Rep., 234. The indictment contained no direct allegation that the debt which it was charged was secured by the mortgage was existent and unpaid. An inferential allegation such as that appellant knew the debt was unpaid will not suffice. State v. Dyer, 41 Texas, 520; State v. Levi, 41 Texas, 563; Wills v. State, 24 Texas App. Rep., 400; Vernon's P. C., p. 912; Cyc., vol. 19, p. 427. The failure to make such direct averment was, we think, fatal to the validity of the indictment. There was a count in the indictment charging fraudulent disposition of mortgaged property which was not submitted to the jury. Appellant claims there was error in failing to require an election by the State as between the two counts. When, as in this case, the evidence supporting the two counts is identical, an election by the State is not required. Goode v. State, 57 Texas Crim. Rep., 220; Branch's Ann. P. C., p. 233, and cases listed. Moreover, the submission only of the count charging swindling was equivalent to election. Weathersby v. State, 1 Texas App. Rep., 643; Betts v. State, 57 Texas Crim. Rep., 389; Branch's Ann. P. C., p. 232, and cases cited.

In writing another indictment the mortgage should be more fully and accurately described, the existence of the debt should be alleged, the allegation that the money was acquired by appellant should be more specific. Robinson v. State, 60 Texas Crim. Rep., 353; Epperson v. State, 42 Texas, 80. The connection between the false pretense and the acquisition of the money should be more definitely alleged. Johnson v. State, 57 Texas Crim. Rep., 347; Vernon's P. C., 24t. 1421, note 8, p. 911, and cases cited.

Other points made by appellant have been examined and they fail to disclose error.

Because the indictment is insufficient the judgment is reversed and the case ordered dismissed.

*Dismissed.*