## A. F. Luce v. The State.

No. 5837.    Decided October 27, 1920.

**1.—Swindling—Indictment—Real Estate—Personal Property.**

Where the indictment for swindling appeared to have been drawn on the theory that the acquisition of the lots of land by false pretenses was within the swindling statute, but the court submitted only the allegations seeking to charge the offense with reference to the acquisition of personal property and of an instrument in writing, which latter part of the indictment was insufficient, the conviction could not be sustained.

**2.—Same—Iidictment—Descriptive Allegations—Different Liens.**

Where the false representations alleged were that the notes mentioned were represented to be a first and only lien upon the land, the defendant justly contended that this averment upon motion to quash should have been eliminated, because it failed to describe any prior or additional lien. However, this may not have been fatal to the prosecution, as there were other averments which would suffice. Following Moore v. State, 81 Texas Crim. Rep., 606; and other cases.

**3.—Same—Indictment—Inferential Allegations—Descriptive Allegations.**

Where, defendant contended that there was an absence of a positive and direct averment that personal property was acquired, and that the allegations were only inferential, and while treating the indictment as not obnoxious to this rule, yet the allegations as to the sufficiency of the descriptions of the personal property were insufficient.

**4.—Same—Indictment—Pleading—Description.**

Where, the pleading in the instant case uses the term "furniture and equipment," indicating a distinction between the two, but furnishing no data by which the court inspecting the indictment could determine whether the things designated as equipment were such as would be treated in law as fixtures or as movable property, the same was insufficient on motion to quash and in arrest of judgment, under Article 458, C. C. P. Following Matthews v. State, 39 Texas Crim. Rep., 556, and other cases.

**5.—Same—Indictment—Written Instrument—Value.**

Where, upon trial of swindling, the conviction rested in part upon the acquisition of a deed, the failure to state the value of the deed, or the valuable right lost thereby, was fatal to the indictment under a motion to quash and in arrest of judgment, although the land conveyed thereby was alleged to have value.

**6.—Same—Rule Stated—Real Estate—Personal Property.**

Where, upon trial of swindling, the indictment alleged that the real estate described in the deed was of the value of five hundred dollars, which the trial court properly refrained from submitting to the jury, for the reason that the swindling statute pertains to the acquisition of personal property and written instruments, the failure to state the value of the deed was fatal to the indictment. Following Patrick v. State, 50 Texas Crim. Rep., 496, and other cases.

**7.—Same—Rule Stated—Value.**

Because the real estate involved is of a given value, it by no means follows that the deed pertaining to it is of like value. This will not depend upon the value of the property described in it, but upon its efficacy as a transfer of the property. Following Hubbert v. State, 66 Texas Crim. Rep., 370.

Appeal from the District Court of Milam. Tried below before the Honorable John Watson.

Appeal from a conviction of swindling; penalty, seven years and six months imprisonment in the penitentiary.

The opinion states the case.

*Henderson, Kidd & Henderson,* for appellant.—On question that indictment should directly and specifically allege that the accused acquired personal or movable property: Potter v. State, 39 Texas, 388; Winston v. State, 9 Texas Crim. App., 143; Hardeman v. State, 16 id., 2.

On question of insufficiency of the indictment, because it did not allege that such deed was an instrument of writing conveying or securing a valuable right and that it was acquired by means of false pretenses, etc.: Stringer v. State, 13 id., 520; White v. State, 3 id., 610; Robinson v. State, 132 S. W. Rep., 354; Baldwin v. State, 175 S. W. Rep., 701; Cannon v. State, 15 S. W. Rep., 117.

On question of liens alleged in the indictment: Wills v. State, 6 S. W. Rep., 316; Graves v. State, 19 id., 895; Moore v. State, 197 id., 728.

On question of alleging connection between the alleged representations, with respect to land, and the acquisition by the accused of the property alleged to have been acquired: Robinson v. State, 132 S. W. Rep., 354; Windham v. State, 160 id., 72.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of sufficiency of the indictment: Hubbard v. State, 70 S. W. Rep., 883; Faulk v. State, 41 id., 616; Glover v. State, 112 id., 397; Sims v. State, 21 Texas Crim. App., 650; Hightower v. State, 23 id., 451; Baxter v. State, 105 S. W. Rep., 195; La Moyne v. State, 111 id., 952.

MORROW, Judge.—The appeal is from a verdict and judgment finding the appellant guilty of swindling. The transaction grows out of an exchange of property in which the injured party, Bobbie Suffrett, conveyed a lot to one J. L. Carter, and received in exchange therefor two vendor's lien notes, executed by R. T. Morris, and secured by a lien upon certain lands situated in Culberson County. The indictment appears to have been drawn on the theory that the acquisition of the lots of land by false pretenses was within the swindling statute. The trial court, however, in submitting the case to the jury, eliminated that phase of the case, and the conviction rests upon the allegations seeking to charge the offense with reference to the acquisition of personal property, and of an instrument in writing.

The statute defines swindling as follows: " 'Swindling' is the acquisition of any personal or movable property, money or instrument of writing conveying or securing a valuable right, by means of some false or deceitful pretense or device, or fraudulent representation, with intent to appropriate the same to the use of the party so acquiring, or of destroying or impairing the rights of the party justly entitled to the same," and Article 1422 contains the following: "Within the meaning of the term 'swindling' are included the following wrongful acts:

"The obtaining by false pretense the possession of any instrument of writing, certificate, field notes or other paper relating to lands, the property of another, with the intent that thereby the proper owner shall be defeated of a valuable right in such lands."

It is charged in the indictment that certain false representations were made to acquire (a) certain lots of lands described in the indictment, of the value of Five Hundred Dollars ($500), and (b) to acquire an instrument in writing conveying to J. L. Carter, the above mentioned and described real estate, (c) to acquire the improvements on said land, consisting of a house used as a hotel, of the value of Three Thousand Dollars ($3,000), (d) "and further devising and intending to secure the unlawful acquisition of all furniture and equipment then and there in said building, of the value of One Thousand Dollars ($1,000)." Among the false representations averred is that the notes were represented to be a first and only lien upon the land. The appellant, we think, justly contends that this averment upon motion to quash should have been eliminated, because while it was traversed in general terms, it failed to describe any prior or additional lien. Moore v. State, 81 Texas Crim. Rep., 606, 197 S. W. Rep., 728; Graves v. State, 31 Texas Crim. Rep., 65, 19 S. W. Rep., 895; Wills v. State, 24 Texas App., 400, 6 S. W. Rep., 316. This fault, while it might work a reversal, would not be fatal to the prosecution for the reason that there are other averments touching the false representations which would suffice.

The sufficiency of the allegation concerning the personal property was challenged by a motion to quash the indictment and to arrest the judgment. It is insisted that there is an absence of a positive and direct averment that personal property was acquired, and that it only inferentially appears to be charged that there was furniture or fixtures in the hotel. Allegations in an indictment of this kind should be direct and positive. Branch's Ann. Texas P. C., Sec. 2634, and cases cited. Treating the indictment as not obnoxious to this rule, the question of the sufficiency of the descriptions of the personal property occurs. The language of the statute, C. C. P., Art. 458, is this:

"When it becomes necessary to describe property of any kind in an indictment, a general description of same by name, kind, quality, number, and ownership known, shall be sufficient."

The necessity to describe the personal property is obvious. The language chosen seems rather to classify than to describe it. It is conceived that an allegation charging the theft of the live stock in a pasture would not be a description under the statute, but to perfect it it would be necessary that there be some designation of the kind and number of stock. So, we think, the averment that the property acquired was "the furniture and equipment," accompanied by no language indicating the name, kind, quantity, or quality of the furni-

88 Tex.—4·

ture and equipment, is, against a motion to quash, not sufficient. There was before the court the question as to the validity of the indictment which described the property stolen as "cattle." Holding it bad, the court said, after calling attention to the fact that our practice had been more liberal with reference to a general description than was the common law:

"But we know of no case in this State that holds an indictment sufficient which does not in some way designate the number of things or animals alleged to have been stolen, and we hold that if any case could be found, it would not be supported by authority." Matthews v. State. 39 Texas Crim Rep., 556. Illustrations of the rulings of the various courts upon the subject will be found in Bishop's New Crim. Law, (2 Ed.) sec. 699-709. That writer, in the same volume, section 173, says:

"Not everything obtained by false pretenses, but only what is within the statutory terms, is indictable. Hence, and that the defendant may know to what he is to answer, the thing obtained must be specified, and in a way enabling the court to see that it is within the statute."

The pleading in the instant case uses the term "furniture and equipment," indicating a distinction between the two, but furnishing no data by which the court inspecting the indictment could determine whether the things designated as equipment were such as would be treated in law as fixtures or as movable property. The averments quoted are not aided by any language used in subsequent parts of the indictment, but on the contrary, are rendered rather more obscure by an allegation that the means by which the defendant acquired the property was a deed to the same, which deed in the indictment is set out *haec verba*, and discloses affirmatively that it conveyed real property alone.

The sufficiency of the averments touching the acquisition of "an instrument in writing conveying to the said J. L. Carter the above mentioned and described real estate" is challenged upon the ground that there is a failure to allege that the instrument mentioned had a value, or to name the amount thereof. The indictment charges that the real estate described in the deed was of the value of five hundred dollars. This is in connection with that part of the indictment which seeks to hold the appellant criminally liable for obtaining the real property. That is a phase of the case which the trial court properly refrained from submitting to the jury, for the reason that the swindling statute pertains to the acquisition of personal property and written instruments. C. C. P., Arts. 1421, 1422.

The conviction rests in part upon the acquisition of a deed. The failure to state the value of the deed, or the valuable right lost thereby, is, we think, fatal to this phase of the indictment. The statute measures the punishment according to the value. C. C. P., Art. 1427. The decisions hold that in the indictment for theft of written instru-

ments the failure to charge the value is fatal. Patrick v. State, 50 Texas Crim. Rep., 496, 14 Amer. & Eng. Ann. Cases, 177; Calentine v. State, 50 Texas Crim. Rep., 154; Pye v. State, 74 Texas Crim. Rep., 322, 171 S. W. Rep., 741. Because the real estate is of a given value, it by no means follows that the deed is of like value. The value of the deed would depend not only upon the value of the property described in it, but upon its efficacy as a transfer of the property. The property may be never so valuable, and yet the deed to it be worthless. The maker of the deed may have no valuable right, and therefore lose none. We think the allegations in the indictment fail to meet the legal requirements touching an indictment for swindling. Hubbert v. State, 66 Texas Crim. Rep., 360, 147 S. W. Rep., 267.

The judgment of the trial court is reversed, and the cause ordered dismissed.

*Reversed and dismissed.*