## A. W. SASSE v. THE STATE.

No. 12870. Delivered January 1, 1930.

The opinion states the case.

*John S. Morris* and *Myres & Pressley,* all of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is swindling, a felony; the punishment confinement in the penitentiary for two years.

It is averred in the indictment that appellant and W. R. Sasse "did then and there unlawfully acquire from Guadalupe G. de

Morales and Juan Morales an instrument in writing conveying a valuable right in land, to-wit: the fee simple title in and to approximately 148.25 acres of land in Willacy County, Texas, being the same and identical 148.25 acres of land hereinafter in said instrument described, of the reasonable value of five thousand dollars." The deed is then set out in the indictment. After averring that Guadalupe G. de Morales and Juan Morales were the owners of the land, it is alleged that the instrument in writing conveying the fee simple title to said land was procured by appellant and W. R. Sasse by means of false and deceitful pretenses and devices, and fraudulent representations, it being averred in substance, that appellant and W. R. Sasse stated to the injured parties that they had to have written authority to collect certain vendor lien notes said parties had placed in the hands of appellant, who is an attorney-at-law, for collection; that an instrument in writing was presented to said parties for their signature; that they signed said instrument in writing without having the same read to them; that said instrument in writing was the deed set forth in the indictment. The next averment is to the effect that the parties signing the instrument in writing relied upon the statements of appellant, who was their attorney, and of W. R. Sasse, his interpreter, and were thereby induced to sign and deliver to appellant, and did sign and deliver to him, the deed set forth in the indictment. The indictment is concluded in language as follows: "They, the said A. W. Sasse and W. R. Sasse, well knowing that all of said representations, pretenses and devices were false and fraudulent when so made, all of which was done by the said A. W. Sasse and W. R. Sasse with intent on the part of them, the said A. W. Sasse and W. R. Sasse, to appropriate said title to said 148.25 acres of land to their own use and benefit, against the peace and dignity of the State."

Appellant filed his motion to quash the indictment on the ground (1) that the value of the instrument in writing acquired by appellant was not stated, and (2) that it was not directly alleged that the pretenses were untrue. An examination of the indictment discloses an averment that appellant and W. R. Sasse well knew that the representations, pretenses and devices were false and fraudulent when they made them. An indictment for swindling should directly allege that the pretenses were false. In State v. Levi, 41 Texas Reports 563, it was held that an averment in the indictment to the effect that the defendants then and there well knew the pretenses to be false did not supply the omission of the negative averment.

We quote from that case as follows:

"The indictment is defective in charging the offense. There is no distinct negative averment that the pretense was untrue. It is not sufficient to state that the pretense was false and deceitful, and that it was a fraudulent representation of the coffee being so placed on Wright's wagon.

"Although the false pretenses be set out in the indictment in the exact words of the statute, it will not 'dispense with the necessity of an independent averment that the pretenses were false. In other words, the pretenses must be negatived by distinct averment.' (2 Bishop's Cr. Proced. sect. 168.) This the indictment failed to do, and is consequently defective.

"The averment that defendants then and there well knew that the coffee had not been placed on the wagon of said Wright, does not supply the omission of the negative averment. This latter charge, that they well knew, &c., &c., is necessary as a distinct and separate averment in the indictment."

In Mathis v. State, 18 S. W. (2d) 920, in holding an information charging swindling defective on the ground, among others, that there was no direct averment that the pretense was untrue, this court cited State v. Levi, supra. We quote from Moore v. State, 197 S. W. 728 as follows:

"The mortgage was not false pretense, but was a part of the evidence that the representations made were untrue. The law requires the truth of the pretense to be negatived. Wharton's Criminal Law, section 1491. The negative allegation should be specific, but the cases relied on by appellant do not support the contention that, in order to allege that the statement that the property was unincumbered was untrue, it would be necessary to set out the mortgage in haec verba. It should be set out with sufficient particularity to accurately describe it, but not necessarily in full. It is essential that the existence and validity of the mortgage should be directly averred. To accomplish this, the allegation of the existence of the debt was imperative, in order to show that the allegation that the property was unincumbered was false. McElroy v. State, 67 Tex. Cr. R. 603, 150 S. W. 797; Robberson v. State, 3 Tex. App. 505; Satchell v. State, 1 Tex. App. 438; McCaskill v. State, 68 Ark. 490, 60 S. W. 234. The indictment contained no direct allegation that the debt which it was charged was secured by the mortgage was existent and unpaid. An inferential allegation, such as that appellant knew the debt was unpaid, will not suffice. State

v. Dyer, 41 Tex. 520; State v. Levi, 41 Tex. 563; Wills v. State, 24 Tex. App. 400, 6 S. W. 316; Vernon's P. C., p. 912; 19 Cyc. p. 427. The failure to make such direct averment was, we think fatal to the validity of the indictment."

See also Robinson v. State, 132 S. W. 354. Giving effect here to the rule announced in the decisions referred to, the failure to make such direct averment was fatal to the validity of the indictment.

On the question of pleading the value of a written instrument upon whose acquisition swindling is predicated, we quote the language of Presiding Judge Morrow in Luce v. State, 224 S. W. 1095 as follows:

"The conviction rests in part upon the acquisition of a deed. The failure to state the value of the deed, or the valuable right lost thereby, is, we think, fatal to this phase of the indictment. The statute measures the punishment according to the value. Pen. Code, art. 1427. The decisions hold that in the indictment for theft of written instruments the failure to charge the value is fatal. Patrick v. State, 50 Tex. Cr. R. 496, 98 S. W. 840, 123 Am. St. Rep. 861, 14 Ann. Cas. 177; Calentine v. State, 50 Tex. Cr. R. 154; 94 S. W. 1061, 123 Am. St. Rep. 837; Pye v. State, 74 Tex. Cr. R. 322, 171 S. W. 741. Because the real estate of a given 'value, it by no means follows that the deed is of like value. The value of the deed would depend, not only upon the value of the property described in it, but upon the efficacy as a transfer of the property. The property may be ever so valuable, and yet the deed to it be worthless. The maker of the deed may have no valuable right, and therefore lose none. We think the allegations in the indictment fail to meet the legal requirements touching an indictment for swindling. Hubbert v. State, 66 Tex. Cr. R. 370, 147 S. W. 267.' "

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.