BEN K. GREEN V. THE STATE.

No. 21967. Delivered April 15, 1942.

The opinion states the case.

*Tom L. Robinson,* of Gatesville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Swindling is the offense; the punishment, five years in the State penitentiary.

The indictment upon which this conviction was predicated, omitting formal parts, charges as follows: "that Ben K. Green —on or about the 31st day of July—, A. D. one thousand nine hundred and forty and before the presentment of this indictment, in the County of Hamilton and State of Texas, did then and there unlawfully by means of false pretenses and devices, and fraudulent representations then and there knowingly and fraudulently made by him to J. E. Moore acting as president and agent of the Hamilton Bank & Trust Company, of Hamilton, Texas, a corporation, did fraudulently induce the said J. E. Moore, as agent of said Hamilton Bank and Trust Co to deliver to him and he, the said Ben K. Green, did then and there and by the means aforesaid, acquire from the said Hamilton Bank & Trust Co, a corporation, three hundred fifty ($350.00) dollars in money, the same being the personal property of said Hamilton Bank & Trust Co aforesaid, with the intent to appropriate the same to the use of him, the said Ben K. Green, in this, to wit, the said Ben K. Green did then and there falsely pretend and fraudulently represent and state to the said J. E.

Moore acting as agent of said Hamilton Bank & Trust Co, that he, the said Ben K. Green was then and there the owner of forty-four head of white-face cattle which were free of all liens and which were located in the Foot estate pasture in Hamilton County, Texas (meaning the estate of Fred Foot, deceased, which was occupied and controlled by Mud Foot and Rats Foot) and that he, the said Ben K. Green would execute and deliver to the said Hamilton Bank & Trust Co a valuable writing obligatory consisting of a chattel mortgage upon said cattle owned and located as aforesaid to secure the payment of a promissory note to be executed by him at the same time in favor of said Bank in exchange for a loan of three hundred fifty dollars from said Hamilton Bank & Trust Co, and the said Ben K. Green did then and there make, execute and deliver to the said J. E. Moore acting as agent for the Hamilton Bank & Trust Co, a corporation, in exchange for three hundred fifty ($350.00) dollars in money, a promissory note and chattel mortgage of the tenor following:"

Then follows the note and mortgage, which, for the sake of brevity, are not included in this opinion, and following which the indictment concludes: "and the said J. E. Moore acting for and in behalf of the said Hamilton Bank & Trust Co did ·deliver title and possession to three hundred fifty dollars in money to the said Ben K. Green in exchange for said note and chattel mortgage upon said 44 head of cattle and their increase located as therein set out and in consideration therefor, and by reason of the giving of said chattle mortgage and the oral representations in connection therewith, aforesaid, he, the said J. E. Moore was fraudulently induced to part with the title and possession of $350.00 belonging to said Hamilton Bank & Trust Co, which he, the said J. E. Moore would not have parted with as agent of said Bank but for the device of the execution and delivery of said chattel mortgage upon the cattle owned and located and free of liens as described therein and the oral representations of the said Ben K. Green in connection therewith; and the said pretenses, devices and representations, as herein set out, so made and devices as used, by the said Ben K. Green to the said J. E. Moore, agent of the Hamilton Bank & Trust Co, a corporation, were false and fraudulent when so made, and he, the said Ben K. Green, then and there well knew the said pretenses, devices and representations were false and fraudulent when he made and used them, and in truth and in fact the cattle did not exist as set out in said mortgage aforesaid, and the said Ben K.

Green, with the intent to appropriate the same to his own use and benefit thereby acquired the property of the Hamilton Bank and Trust Co, aforesaid, which through its agent J. E. Moore relied upon said false and fraudulent devices and representations as being true—against the peace and dignity of the State."

The cattle were described in the mortgage, and upon which a lien was given to secure the payment of the note, as "44 MIXED COWS 3 TO 10 YEARS OLD BRANDED G ON LEFT HIP AND ALL INCREASE THE ABOVE CATTLE LOCATED AND TO BE KEPT ON FOOT ESTATE PASTURE IN HAMILTON COUNTY."

By motion to quash, the appellant attacked such indictment as being vague, indefinite, and incongruous, because of the variance between the cattle described in the oral representation and those described in the mortgage.

When analyzed, the effect of the indictment was to charge: (a) that appellant orally represented to Moore, the agent of the bank, that he (appellant) was the owner of "forty-four head of white-face cattle," upon which he would execute a mortgage to secure the payment of a loan of $350.00 to be made to him by the bank; (b) that appellant did execute the note and mortgage, and in which mortgage the cattle upon which the lien was given to secure the payment of the loan were described as "44 MIXED COWS 3 TO 10 YEARS OLD BRANDED G ON LEFT HIP"; (c) that Moore, acting for the bank, delivered the money in exchange for the note and mortgage, being induced to do so by, and relying upon, the representations contained in the mortgage and the oral representations made in connection therewith; (d) that the representations so made and relied upon were false because the cattle set out and described in the mortgage did not in fact exist.

That there was a substantial variance between the two descriptions of the cattle is apparent. "Mixed cows" could not be "white-face cattle," because the term "mixed," of necessity, implies cows of different varieties. Furthermore, although cows are included within the term "cattle," yet cattle are not restricted to cows. The term "white-face cattle" could include cattle other than cows.

So, it cannot be said that the mortgage so alleged to have been executed was sufficient to include, within the lien given thereby, the cattle described in the oral representation. On the other hand, the only representation the indictment alleges that appellant made was that he was the owner of "forty-four head

of white-face cattle." Wherein this oral representation is false is not alleged. The only specific allegation charging falsity of any representation is that the cattle described in the mortgage did not exist. Such an allegation does not charge the falsity of the representation alleged to have been made orally.

The conclusion is reached that the variance between the two descriptions of the cattle is fatal to the validity of the indictment. See Tuttle v. State, 49 S. W. 82. Moreover, it is well established that, in order to charge the offense of swindling by obtaining money or property by false and fraudulent representations, the indictment must allege, among other things, wherein the representations were untrue. Sasse v. State, 22 S. W. (2d) 941, 113 Tex. Cr. R. 513. Such rule is applicable here because there is no allegation showing the falsity of the representation that appellant was the owner of "forty-four head of white-faced cattle." The only allegation of falsity related to the cattle described in the mortgage. The indictment being fatally defective, the judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.