ALBERT HESBROOK, JR. V. THE STATE.

No. 23686. Delivered June 4, 1947.

*Kelley, Looney, McLean & Enochs,* of Edinburg, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for swindling with a sentence of ten years in the penitentiary.

Appellant and his wife were jointly indicted, but he was separately tried. The case went to the jury on the first count in the indictment which charged swindling.

The State alleged in the indictment that appellant and his co-principal, by means of false pretenses and devices, and fraudulent representations, knowingly and fraudulently made by them to Sixto Albarez and Andrea Lopez Albarez, did acquire from said injured parties a certain mineral deed, conveying oil, gas and other mineral rights in land, the indictment setting out said instrument, which purports to be signed by both of said injured parties. The indictment further alleges that said instrument in writing was then and there of the value of five hundred dollars, and was the property of Sixto Albarez and his wife.

The indictment was for a violation of paragraph number 3, of Article 1546, of the Penal Code, which reads:

"The obtaining by false pretense the possession of any instrument of writing, certificate, field notes or other paper relating to lands, the property of another, with the intent that

thereby the property owner shall be defeated of the valuable right in such lands."

It has been held by the Court that this Article of the statute does not mean that the acquisition of land by false pretenses is within the swindling statute, but that said subdivision 3, above quoted, has reference only to an instrument in writing relating to land, and the property acquired must be the written instrument, and not the land. Luce v. State, 88 Tex. Cr. R. 46, 224 S. W. 1095. Therefore, the State having alleged said instrument, to-wit, the mineral deed, to be of the value of five hundred dollars, the burden was upon the State to show that said instrument was of the value of fifty dollars or over. In Luce v. State, supra, it was held:

"Because the real estate is of a given value it by no means follows that the deed is of a like value. The value of the deed would depend, not only upon the value of the property described in it, but upon its efficacy as a transfer of property. The property may be ever so valuable, and yet the deed to it be worthless."

See also, Sasse v. State, 22 S. W. (2d) 941; Roberts v. State, 13 S. W. (2d) 863.

Not only did the state fail to offer proper proof as to the value of the instrument but, in our view, the proof shows that it had no value. The prosecuting witness and his wife testified to the things that happened. Both were present in appellant's home when the instrument was signed. It had been represented to them that they were to sign an instrument which would convey a one-fourth interest in the mineral rights under their homestead which they had conveyed to a certain priest in Mexico. The instrument which they did sign was not explained to the wife separate and apart from her husband by a notary public taking her acknowledgment. With such explanation and procedure it cannot be said that the instrument conveyed any part or interest in their homestead, or that it had any value whatsoever as an instrument of conveyance. The daughter of the prosecutor gave similar testimony to that given by her mother and father.

There are other bills of exception which would ordinarily be discussed, but in the state of the record as it appears before us, another trial of the case does not appear likely, consequently we consider it unnecessary to treat each and every one.

Because the State failed to prove the instrument to be of any value, the judgment of the trial court is reversed and the cause is remanded.