### Hannie Fulshear v. The State.

No. 457.   Decided April 19, 1910.

Rehearing denied May 18, 1910.

**1.—Theft—Evidence—Endorsement.**

Upon trial of theft of a pay check, an objection that the same was not valid until indorsed for want of proper description could not be introduced in evidence, was properly overruled. Following Worsham v. State, 56 Texas Crim. Rep., 253.

**2.—Same—Check—Indorsement—Negotiable Instrument.**

A check or any other negotiable writing, under our statutes, may be the subject of theft, and the want of indorsement will not protect the accused; besides it was not shown that the check contained such provision.

**3.—Same—Evidence—Surprise—Description.**

Where, upon trial of theft of a check, the number of the check was given, the name of the person drawing the same, the person to whom payable, and the amount of the check, the same was a sufficient description and evidence in support of the allegation could not surprise the defendant.

**4.—Same—Plea in Bar—Passing Instrument—Former Acquittal.**

Upon trial for theft of a check, the fact that defendant was tried and acquitted for fraudulently passing the instrument could not avail him in a trial for theft of the same instrument; besides there was no plea of former acquittal.

**5.—Same—Evidence—Stolen Instrument—Variance.**

Upon trial of theft of a pay check which was described in the indictment, it was not necessary to introduce in evidence the instrument itself, and the mere statement in the bill of exceptions as to the variance and the figures of the check was not a certificate of the truth of this objection.

Appeal from the Criminal District Court of Harris.   Tried below before the Hon. E. R. Campbell.

Appeal from a conviction of theft of a pay check; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*C. E. & A. E. Heidingsfelder,* for appellant.—On question of indorsement of check: Patrick v. State, 50 Texas Crim. Rep., 496, 98 S. W. Rep., 840.

On question of insufficiency of check and variance as to proof: Pat-

rick v. State, 50 Texas Crim. Rep., 496, 98 S. W. Rep., 840; Valentine v. State, 50 Texas Crim. Rep., 154, 94 S. W. Rep., 1061.

On question of former acquittal of passing instrument: Herera v. State, 35 Texas Crim. Rep., 607, 34 S. W. Rep., 943.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On the 2d day of July, 1909, an indictment was returned into the Criminal District Court of Harris County against appellant charging him with theft of a certain pay check No. 1716, issued by the Texas and New Orleans Railroad, of the value of Sixty-five and 47/100 Dollars, alleged to be the property of one N. Templet. At a trial had in said court on January 10 of this year, appellant was found guilty as charged and his punishment assessed at two years confinement in the penitentiary.

Mr. Templet was introduced as a witness for the State, and testified that on the 16th day of June, 1909, he had in his possession what is known as a pay check issued by the Texas and New Orleans Railroad No. 1716 for the sum of $65.47; that he put same in his tool chest about 9 or 9:30 o'clock in the morning, and when he returned to get same just before noon the box had been prized open and this check with two little books were missing. It was shown that on or about the same day appellant tendered this check in payment of certain goods at the mercantile establishment of Leopold & Price, from whom he bought certain underclothing, hose and garters, and received some part or all of the change in money due him out of the transaction, and at the time he represented himself to be the owner of the check. He was identified by more than one of the employes of Leopold & Price, and stated that he was the man to whom the check was made payable. Appellant showed by several witnesses a good reputation for honesty and fair dealing, and also introduced some evidence to the effect, in substance, that he was at home about 11 o'clock on the 16th day of June, the day on which the check was stolen. Appellant took the stand in his own behalf, and denied the theft of the check, and also denied that he was in the store of Leopold & Price or that he bought the articles from them named by the witnesses. There are a number of questions raised on the appeal, some of which are important enough to require notice.

1. The testimony of Mr. Templet was objected to, as was also the introduction of the pay check, on the ground, among other things, that said check showing on its face that it was not valid until endorsed, could not be the subject of theft, and that until endorsed had no value; and, further, that it was not sufficiently described in the indictment, not set out in haec verba as should have been done, and again, that the check did not show upon its face nor was any other evidence offered that said Texas and New Orleans Railroad Company had any funds in the Lumbermans National Bank of Hous-

ton, on which bank it seems the check was drawn. There is no merit, as we believe, in any of these contentions. In the case of Worsham v. State, 56 Texas Crim. Rep., 253, 120 S. W. Rep., 439, almost all the questions here raised were in an elaborate opinion considered and ruled adversely to appellant. In that case we considered and reviewed the authorities cited by him, and reached the conclusion that such check or any other negotiable writing was, under our statute, the subject of theft, and that it was not endorsed would not protect one stealing same. We also reached the conclusion that the reason for the rule of-variance in respect to instruments of this kind was to avoid surprise. Here the number of the check was given, the name of the person drawing same, the person to whom payable, and the amount of the check. It is not claimed that in fact appellant was surprised, nor can it be readily seen how, in the nature of things, he could have been surprised under the allegation by the production of the evidence here tendered and admitted.

2. It also developed on the trial that appellant had been at the same term of court acquitted on a charge of passing the instrument referred to in the indictment, and the claim is made that this acquittal should operate as a bar to this prosecution. In the first place, . there is no plea of former acquittal in the record, and if there had been, it could not avail appellant here. If appellant as charged stole this check, the theft was complete when it was abstracted from Templet's tool chest, and for such act, if felonious and unauthorized, he could be convicted of theft if same had never been endorsed. The issues in the two cases were wholly different.

Finding no error in the record, the judgment of conviction is hereby in all things affirmed.

*Affirmed.*

ON REHEARING.

May 18, 1910.

RAMSEY, JUDGE.—The correctness of the original opinion in this case is vigorously assailed on many grounds. (1) In the first place, it is urged that there is a variance between the instrument offered in evidence and the one set out in the indictment. The indictment alleges that the pay check was for the sum of $65.47. The instrument itself was not offered in evidence, nor was it required to be offered any more than a horse alleged to have been stolen would have been required to have been produced before the jury. The testimony of Mr. Templet, as contained in the statement of facts, to whom the check was exhibited, repeatedly stated that the amount of the check was for $65.47, and as tested by the record there is not the slightest evidence of a variance. It is true that in one of the bills of exception filed in the record, that the testimony was objected to for the reason, as stated by counsel, that the identification of the check was insufficient, because such identification was due, as stated, to the fact

that the check bears the figures $67.47. We note in the statement of facts that in several places the check had been originally written $67.45 and is changed in figures to $65.47. The mere statement in a bill of exceptions of these figures is not a finding of fact nor an adjudication of the court that this was the amount of the check. A statement of objection by counsel is not a determination of the truth of the facts urged as a ground of objection. This has been so often held that we deem it unnecessary to cite authorities to sustain the proposition.

2. Again, it is urged that this check could not be the subject of theft for the reason that it contained a provision that it is not good or payable unless properly endorsed by the payee and countersigned by F. Lewis, and it is urged that inasmuch as the check was not endorsed by the payee, B. Templet, that same could not be the subject of theft. The answer to this objection is that the check does not appear in evidence, and there is nothing in the record to indicate or show that such check contained such a provision.

A careful inspection of the record convinces us more firmly that the original opinion is correct, and it is, therefore, ordered that the motion for rehearing be and the same is hereby overruled.

*Overruled.*