### DR. S. F. NAVE v. THE STATE.

#### No. 4407. Decided March 21, 1917.

**1.—Poll Tax—Election—Indictment—Statutes Construed—Surplusage.**

Under article 239, Revised Penal Code, it is required to allege in the indictment that defendant advanced the money to pay the poll tax of another, knowing it was to be used in paying the poll tax and that this would have qualified the party as a voter; besides, the proper year for which the tax was paid must be alleged, and where it is incorrectly alleged, it can not be treated as surplusage.

**2.—Same—Insufficiency of the Evidence.**

Where, upon trial of advancing money for poll tax, the evidence showed that the party to whom the money was advanced was not a resident of the county of the prosecution at the time the money could have been applied for procuring a poll tax, and that the taxes were not due for the year alleged in the indictment, the conviction could not be sustained.

**3.—Same—Statutes Construed—Minority Opinion.**

See opinion of the writer thereof on construction of statutes not adhered to by majority of the court, but still adhered to by writer. Following Solon v. State, 54 Texas Crim. Rep., 261.

Appeal from the County Court of Live Oak. Tried below before the Hon. W. W. Caves.

Appeal from a conviction of unlawfully advancing money for payment of poll tax; penalty, a fine of two hundred dollars.

The opinion states the case.

*Lewright & Douglas,* for appellant.—On question of unconstitutionality of statute: State v. Julow, 29 L. R. A., 257; Solon v. State, 54 Texas Crim. Rep., 261, dissenting opinion; Ex parte Brown, 38 Texas Crim. Rep., 295.

On question of liability for the payment of poll tax: Linger v. Balfour, 149 S. W. Rep., 795; Solon v. State, supra.

On question of insufficiency of the indictment: Commonwealth v. Boynton, 12 Cushing, 499; Stein v. State, 37 Ala., 123.

On question of insufficiency of the evidence: Williams v. State, 1 Texas Crim. App., 90; Courtney v. State, 3 id., 257; Withers v. State, 21 id., 210; Linger v. Balfour, supra.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of constitutionality of law: Solon v. State, 54 Texas Crim. Rep., 261; Brown v. State, 57 id., 1; Watts v. State, 61 id., 364.

On question of surplusage: Mayo v. State, 7 Texas Crim. App., 342.

DAVIDSON, PRESIDING JUDGE.—The indictment charges, omitting formal parts, "that Dr. S. F. Nave on or about the 10th day of January, one thousand nine hundred and sixteen, and anterior to the presentment of this indictment, in the County of Live Oak, and State of Texas, did then and there unlawfully advance to George Cherry money, towit: two dollars currency of the United States of America to be used by the said George Cherry for the payment of the poll tax of said George Cherry for the year 1916, against the peace and dignity of the State."

Motion was made to quash this indictment on several grounds. It will be noticed from the reading that it fails to charge, as required by article 239 of the Revised Penal Code, that appellant advanced this money *knowing* it was to be used in paying a poll tax. This would render the indictment vicious. It will be further noticed that the indictment nowhere charges that this would or could have qualified Cherry as a voter in Live Oak County, or that it could qualify him as a voter. It will be noticed in this connection on the face of the indictment that the money was to be used by Cherry for the payment of a poll tax for the year 1916, and that this occurred about the 10th day of January, 1916. The Assistant Attorney General calls attention to this with the admission that this could not occur because the taxes of 1916 were not due nor payable; that it could only have been for the payment of the tax of 1915, and contends this could be treated as surplusage.

This is descriptive of the offense and charges definitely that the two dollars was advanced to Cherry for the payment of a poll tax for 1916. The contention, we think, of the Assistant Attorney General ought not to be sustained as to its being surplusage.

For several reasons it is urged by appellant that the evidence is not sufficient to support the conviction. The facts, substantially, disclose that Cherry was a resident citizen until the fall of 1915 of Milam

County, Texas, and not of Live Oak County. He, therefore, did not owe any poll tax in Live Oak County for the year 1915. It is useless to discuss this question, because he did not owe a poll tax in that county at the time. The tax collector says he called Cherry's attention to that fact at the time he paid the money, but Cherry insisted on paying it.

There is another question in the case strongly presented and ably discussed which the writer believes to be well taken, but his views have not prevailed as is shown by the opinion of the majority in the motion for rehearing in Solon v. State, 54 Texas Crim. Rep., 261. This has been followed by two or three later decisions. To the prevailing opinion in that case the writer entered a dissent. These are matters now of judicial history and can be found reported in 54 Texas Crim. Rep., at page 261. The writer has not yet seen any reason for changing his opinion and the reasons therefor as presented in the dissenting opinion in that case.

The indictment in the case being insufficient to charge an offense for the reasons stated, the judgment will be reversed and the prosecution ordered dismissed.

*Dismissed.*