### AMMON BROWN v. THE STATE.

#### No. 8348.   Decided May 21, 1924.

**Felony Theft—Value.**

   Where, upon trial of theft of a certain check alleged to be of the value of $87, the record showed that there was no proof that this check possessed any value, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Brazoria.   Tried below before the Honorable M. S. Munson.

Appeal from a conviction of theft of a check over a value of $50.00; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. E.* and *Carlos B. Masterson,* for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Brazoria County of theft of a certain check alleged to be of the value of eighty-seven dollars, and his punishment fixed at two years in the penitentiary.

Appellant asked for an instructed verdict of not guilty which was refused. In part the request was based on the statement that there was no proof that the check had any value. There were other grounds of the motion which have been examined by us but will not be discussed because we do not think them well taken.

Referring to the complaint that there was no proof that the check possessed any value, we observe that many authorities will be found collated in the books holding that it is absolutely necessary that there be proof of such value. Turning to the record in the case before us we observe that Ed White, the owner of the alleged stolen check, testified that he wrote a check for $87 to pay a debt due by his colored Pythian lodge to the grand lodge, making the check payable to Daniel Alexander. White further testified that he carried the check to Alexander who declined to accept it because the debt was 89.05. Thereupon White said he tore the check out of his book and put it

in his pocket and gave Alexander another check for $89.05. He further testified that he lost the check that night. Later it turned up in the possession of appellant.

White did not testify as to the value of the check in so many words, nor did anyone else. The only thing we find in White's testimony relative to any value the check might have had is this statement: "We had that money in the bank at the time that I as exchequer of the Pride of Angleton wrote that check." We might say by way of explanation that White was an officer of a Pythian lodge known as the Pride of Angleton and as such officer wrote the check in question. We seriously doubt if this evidence shows that when the check was found by appellant it had any value, or that its value was $87.00. If the funds of the lodge in the bank at the time the check was drawn were only sufficient to cover it, or the other check given in lieu of it by White to Alexander, this would effectually deprive the check of any value as a means of getting money out of the bank, would be concerned. While the check might be taken as an evidence of liability on the part of the maker which would be enforcible in the hands of an innocent holder, still its value as such would be the subject of inquiry and proof and would depend upon the solvency of the maker and the ability of such holder to compel payment.

In the absence of any proof that the lodge had in the bank any funds after the giving of the second check, from which the lost check,—the check alleged to be stolen,—might have been later paid; and in the absence of any further proof of the financial ability of the lodge to remunerate any innocent holder of the check or of the value of the check, we would be compelled to hold the record lacking in proof that same was of such value as to justify the jury in concluding appellant guilty of the taking of property of the value of more than fifty dollars.

Believing the evidence not sufficient upon the question of value, and that this is a material matter necessary of proof in a theft case before a citizen of the State can be sent to the penitentiary, we are compelled to direct that the judgment be reversd and the cause remanded.

*Reversed and remanded.*