Lloyd H. Burns v. The State.

No. 12492.   Delivered April 17, 1929.

The opinion states the case.

*W. E. Myres, J. W. Craik* and *J. H. Craik* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is embezzlement of property over the value of fifty dollars; the punishment confinement in the penitentiary for two years.

The indictment contained six counts. The sixth count alone was submitted to the jury. It was charged in said count that appellant embezzled "a certain check in the sum of Five Hundred Dollars of the value of Five Hundred Dollars, the same being then and there the corporeal personal property of and belonging to the said C. O. Harper." `No other description of the check alleged to have been embezzled was given. Appellant timely presented his written motion to quash the indictment on the ground, among other grounds, that the sixth count, which was alone submitted to the jury, wholly failed to give any description of the check, failed to give the name of the payee, or maker of said check, or the bank upon which said check was drawn, or the day of the execution of the same, and wholly failed to describe said check sufficiently to apprise appellant of the kind and character of proof that would be adduced against him on the trial of his case. The motion should have been sustained. In the recent case of Holland v. State, 10 S. W. (2d) 561, we had occasion to consider the question presented here. In that case the appellant was charged with robbery. It was averred in the indictment that he took from the person and possession of the injured party "one check of the value of $21.35, the same being the prop-

erty of the said John Long." We adverted to the fact that robbery is but an aggravated form of theft and that in charging the offense of robbery, as in charging theft, a description of the property taken is essential. In holding the description of the property alleged to have been taken insufficient, reference was made to Calentine's Case, 94 S. W. 1061, in which the indictment was held insufficient where the property was described as "one promissory note of the value of $31.80." In rendering the opinion on motion for rehearing in Holland, supra, Judge Morrow referred to the case of Clines v. Commonwealth, 221 Kentucky 461, 298 S. W. 1107, wherein the Supreme Court of Kentucky considered an indictment charging the larceny of a check which was thus described: " * * * One check for the sum of $30, same being the property of Paul Costelow, * * * said check being the personal property of Paul Costelow, and being property of value and of a greater value than $20."

See also Pye v. State, 171 S. W. 741; Patrick v. State, 98 S. W. 840.

Giving effect here to the announcement of the decisions referred to it becomes our duty to order a reversal.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.