### MACK CARLTON v. THE STATE.

No. 19127. Delivered June 2, 1937.

The opinion states the case.

*Ramey A. Smith,* of Sulphur Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft of a check; penalty assessed at confinement in the penitentiary for four years.

The indictment contains the averment that the appellant "did then and there unlawfully and fraudulently take one check of the value of $4332.00, the same being the corporeal personal property of W. R. Pounders."

Appellant filed a motion to quash the indictment because it fails to sufficiently describe the property alleged to have been stolen. The evidence heard upon the trial is not brought forward for review. However, from our examination of the indictment we fail to find any information as to the date of the check or the number thereof, the bank on which it was drawn, to whom it was payable, or by whom it was signed. We do not think that the averment mentioned contains a sufficient description of the property.

In the case of Calentine v. State, 50 Texas Crim. Rep., 154, an indictment was held insufficient which described the property as a *promissory note of the value of $31.80,* without alleging by whom it was executed, the date of its execution or its maturity, or its face value. See Tex. Jur., Vol. 41, p. 117, sec. 73.

Because of the defect in the indictment mentioned, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*