## NORMAN A. RASBURY, *alias* C. H. LEE V. THE STATE.

### No. 20264. Delivered April 5, 1939.

The opinion states the case.

*Webb, Bransford & Matthews,* and *D. A. Webb,* all of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for theft. The punishment assessed is confinement in the state penitentiary for a term of two years.

The indictment, omitting the formal parts, reads as follows: "* * That on or about the 20th day of December, A. D. 1934, * * in the County and State aforesaid Norman A. Rasbury alias C. H. Lee, and Hugh Baker, acting together did, then and there unlawfully and fraudulently take one check dated Dec. 20, 1934, drawn on Palacios State Bank & Trust Company, payable to the order of C. H. Lee, in the amount of one hundred and sixty-five dollars, and signed 'A. W. Lewis,' said check being then and there of the value of one hundred and sixty-five

dollars, the said check being then and there the corporeal personal property of A. W. Lewis, * * * etc."

It appears from the record that A. W. Lewis was an elderly man and his eyesight had become impaired. He realized that he needed some glasses. On the 20th day of December, 1934, the appellant, who represented himself as a doctor, accompanied by another man, appeared at Lewis' home for the purpose of examining and treating his eyes. Appellant told Mr. Lewis that he could cure his eye and had some medicine which would "fix it," but it was very expensive. Lewis told him to go ahead and use the medicine. Appellant put a drop in Lewis' eye and when Lewis asked him what he owed him, appellant remarked: "I will have to charge you $165." Lewis then remarked: "Doctor, if I had known you were going to do that, I would not have had you put it in; I haven't got that much money in the bank." Appellant replied: "That is all right; you just give me a check and I will hold it until the bank pays." Lewis then gave appellant a check drawn on the Palacios State Bank and Trust Company in the amount of $165.00, payable to appellant.

It will be noted that under the testimony recited, no case of ordinary theft is presented. If it is theft at all, it is so by virtue of the use of some false pretext. Consequently, we must first determine whether the evidence is sufficient to show beyond a reasonable doubt that appellant resorted to false pretexts in obtaining the check from Lewis, without reference to whether the check was of any value.

What is the testimony by which the state sought to show the use of a false pretext? It seems that the State sought to show it by proving that appellant represented himself as a doctor, an eye specialist. That he told Lewis that he could restore his sight by the use of medicine which, however, was very expensive. That Lewis told him to use it, which appellant did. That appellant then charged Lewis $165.00 for his services and the medicine. Lewis testified that appellant put a drop of Murine in his eye.

Concede this testimony to be true. Wherein does the false pretense exist? There is no evidence that appellant was not a medical doctor or eye specialist. Nor is there any evidence that Murine, or whatever medicine appellant used, was not such medicine as is commonly used in the treatment of an affliction of the nature from which Lewis was suffering. Nor is there evidence that Murine had no medicinal value.

It may be true that the treatment did not give Lewis the desired relief, or any relief, but this would hardly be sufficient

proof to justify a conviction for theft by false pretext. If so, some of the best doctors might be subject to prosecution because their treatment of a person failed. The facts, in some respects, are similar to the facts in the case of Baker v. State, 72 S. W. (2d), 296. However in that case the State proved that the pretext resorted to was false, which in the instant case was not shown.

The next question presented for our consideration concerns the value of the check alleged to have been taken. If the check was worthless, it would not constitute an offense under the authority of Perry v. State, 22 Tex. Crim, Rep., 19. If its value were less than $50.00, it would not be a felony but a misdemeanor. It is true that the check was drawn against the bank in the sum of $165.00, but the state's testimony further shows that the drawer of the check had no money in the bank and so advised appellant. The president of the bank said that he would not have cashed the check because the allegedly injured party had no funds on deposit out of which it could have been paid. The cashier testified that he did not cash the check when it was presented by appellant because appellant declined to tell what the check was given for. There is no testimony from any source that the alleged injured party had any property which could have been subjected to execution and out of which the check might have been satisfied. Nor is there any testimony that the check had any market value. In other words, had appellant offered to sell the check, it is not shown what it would have brought, if anything. It will be noted that testimony relative to the value of the check is unsatisfactory and too uncertain to sustain a conviction for a felony.

We think the question here discussed is controlled by the case of Brown v. State, 262 S. W., 479.

In view of the disposition we are making of the case, it will be unnecessary to consider the other questions presented.

For the errors discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.