R. L. PERRY v. THE STATE.

No. 21479. Delivered March 5, 1941.

292

The opinion states the case.

*John F. Perry,* of San Antonio, for appellant.

*John C. Marburger,* County Attorney, of La Grange, and

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged by complaint and information with the theft of a check of the value of $15.00 and was assessed a penalty of six months in jail and a fine of $300.00, from which he appeals.

The complaint and information allege that the said R. L. Perry, on or about the 23rd day of February, 1940, "did then and there unlawfully, wilfully and fraudulently take, steal and carry away certain corporeal personal property, not his own, to-wit: a check of the value of $15.00, the same being the corporeal personal property of George H. Giesber from the possession of the said George H. Giesber without the consent of the said George H. Giesber with the intent to deprive said George H. Giesber of the value thereof, * * *."

It will be noted that there is no description of the check

whatever. It does not show by whom it was drawn, its date, amount of the check, the number, nor to whom it is payable. It merely alleges it was a check of the value of $15.00. The complaint and information are insufficient for lack of description. Fulshear v. State, 128 S. W. 134; Gaines v. State, 77 S. W. 10; Calentine v. State, 94 S. W. 1061; Luce v. State, 224 S. W. 1097; Holland v. State, 10 S. W. (2d) 561; Burns v. State, 16 S. W. (2d) 538; Sasse v. State, 22 S. W. (2d) 941; Fuller v. State, 37 S. W. (2d) 1034; 41 Tex. Jur. 117, paragraph 73. Carlton v. State, 106 S. W. (2d) 279.

That the check must be sufficiently described to identify it has been so frequently considered and the reason for the conclusion so thoroughly discussed that we deem it unnecessary to further treat the subject in this opinion.

The appellant's father, acting as his attorney, presented for filing in this court what he denominates a brief for appellant. In it he attempts to try the case in this court by statements of his own as well as affidavits of other parties. His statements are directly in conflict with the record of the case and the greater part of it attempts to bring in matters not in the record and wholly foreign to any issue in the case. Furthermore, it exhibits a studied and planned effort to prejudice the court against the parties at interest, the officials of the county from which it comes, and the jury which was called to service. Such effort is a reflection on the intelligence and integrity of the court and by it considered unworthy of a place in its archives. Accordingly, the same is stricken from the record and the clerk of the court is directed to withdraw therefrom his file mark as from an improper instrument and to return it to the attorney filing it.

For the defects in the complaint and information above pointed out the judgment of the trial court is reversed and the cause ordered dismissed.