### HAROLD MORGAN GERMANY V. STATE.

No. 24652. February 15, 1950.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) March 29, 1950.

*Chas. H. Dean,* Plainview, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for a violation of the liquor law, with a fine of $100 and 90 days in jail.

The complaint alleges that the appellant, Harold Morgan Germany, sold to W. E. Russell an alcoholic beverage in a dry area, to-wit: "on the premises at the Hilton Hotel, 128 West Sixth Street, City of Plainview, Hale County, Texas, * * *." The witness Russell testified that he paid the defendant $5.00 for a pint of Sunnybrook Whisky and he said, "That took place at the Hilton Hotel, Plainview, in Hale County, Texas." There is no evidence that the sale was made at 128 West Sixth Street. The sole contention in the appeal is that the failure to prove the street and number as alleged in the complaint constitutes a reversible error.

Similar questions have been before this court frequently and it is the uniform holding that where a descriptive allegation is made in the complaint the state must make proof of it, even though the allegation is not a necessary one. Appellant has filed his brief calling our attention to several such cases. Every good rule is supported by a good reason and when that reason ceases to exist we cannot accede to the application of the rule. Where one is charged with driving while intoxicated on a named highway proof of the commission of the offense on that named highway has been held to be necessary. Spencer v. State, 118 Tex. Cr. R. 336, 42 S. W. 2d 259. Also, it was said in Kelley v. State, 138 Tex. Cr. R. 647, 137 S. W. 2d 1004, that unnecessary matters alleged in the indictment not descriptive of the offense can be treated as surplusage, provided the offense is charged by the remaining portion thereof. It is difficult sometimes to determine whether or not these unnecessary allegations are descriptive of the offense or descriptive of something else. The case before us presents such a difficulty. We believe if the proof is sufficient to identify the offense as that alleged in the complaint there could then be no misunderstanding about the offense for which he is convicted. He could not be charged again for this same offense and the rule which the court had in mind in the Spencer case, supra, would not exist. See Perry v. State, 141 Tex. Cr. R. 291, 148 S. W. 2d 412.

The allegation was that the sale was made on the premises of the Hilton Hotel. It was further alleged that this hotel is located at 128 West Sixth Street. The proof shows that the sale

456

was made on the very premises alleged. It is just as reasonable to say that the street and number are descriptive of the hotel as it is to say they are descriptive of the offense. If the hotel were described as to size, color, and material construction, there would be no confusion about the question. Its location is alleged and that is little different. We do not believe that the authorities relied upon by appellant have gone quite so far as we are asked to go in the case now before us. We are unwilling to extend the rule further than it has been. Appellant cites and relies on Spencer v. State, supra; McWhorter v. State, 125 Tex. Cr. R. 71, 65 S. W. 1101, Wave v. State, 81 Texas Crim. Rep. 69, 193 S. W. 668; Smith v. State, 107 Texas Crim. Rep. 511, 298 S. W. 286; Withers v. State, 21 Tex. App. 210, 17 S. W. 725; and McAllister v. State, 21 Tex. Cr. 264, 116 S. W. 582. While each of these cases discusses the general proposition that the state will be called upon to prove allegations descriptive of the offense, even though they are not necessary to charge same, yet we think that none of them goes quite so far as to require proof, in the instant case, that the Hilton Hotel is located at 128 West Sixth Street.

Believing that no reversible error was committed, the judgment of the trial court is affirmed.