LOUIS E. AUSTIN V. STATE

No. 32,322. November 9, 1960

WOODLEY, Judge, dissented.

*Chas. H. Dean,* Plainview, for appellant.

*Joe L. Cox,* District Attorney, Plainview, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the giving of a worthless check in violation of the so-called hot check law, Art. 567b, Vernon's P. C., with punishment assessed at two years in the penitentiary and a fine of $2,250.

It was the contention of the state and the indictment charged that appellant obtained a negotiable warehouse receipt by the giving of a worthless check.

The statement of facts before us fails to set forth either of the instruments referred to.

The statement of facts reflects that the state offered in evidence what were claimed to be such written instruments, but

such were never carried or copied into the statement of facts nor does the statement of facts otherwise contain a description of the alleged instruments.

We are therefore without any evidence showing that the state complied with the duty resting upon it to prove and introduce evidence supporting the allegations of the indictment.

We pretermit a discussion of the sufficiency of the indictment as against the contention that the alleged negotiable warehouse receipt was not sufficiently described in the indictment. See: Burns v. State, 112 Tex. Cr. R. 328, 16 S. W. 2d 538; Perry v. State, 141 Tex. Cr. R. 291, 148 S. W. 2d 412.

Because the record before us fails to show that the state's evidence warranted the conviction, the judgment is reversed and the cause is remanded.

WOODLEY, Judge (dissenting).

To that portion of the opinion which suggests that it was necessary that the state introduce as an exhibit the warehouse receipt alleged to have been procured and obtained by appellant from John McCleskey, I respectfully enter my dissent.

WOODLEY, Judge.