**Joe H. FARABEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35847.**

Court of Criminal Appeals of Texas.

May 29, 1963.

Leland D. Sutton, El Paso, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The indictment charged the appellant with the theft of a check of the value of more than fifty dollars. Upon conviction his punishment was assessed at a term of two years.

Appellant made a motion to quash the indictment on the ground that the check was not sufficiently described. The motion

was timely presented, considered and over-ruled. Proper exception was reserved. Cox v. State, 7 Tex.App. 495. This cause has been before us on a former appeal. We reversed and remanded the case, Farabee v. State, Tex.Cr.App., 362 S.W.2d 117, in an opinion by the writer, because of the trial court's refusal to permit the appellant to testify as to certain transactions. No motion to quash the indictment was made on the former appeal, and the sufficiency of the indictment was not called to our attention, nor urged as fundamental error on appeal.

The indictment in part alleges that the appellant " * * * did then and there unlawfully and fraudulently take a negotiable instrument, to wit: a check of the value of over Fifty ($50.00) Dollars, the same then and there being the corporeal personal property. * * * "

The contention urged for reversal in this cause is the same as that which was presented in Perry v. State, 141 Tex.Cr.R. 291, 148 S.W.2d 412. There this Court said:

"It will be noted that there is no description of the check whatever. It does not show by whom it was drawn, its date, amount of the check, the number, nor to whom it is payable. It merely alleges it was a check of the value of $15. The complaint and information are insufficient for lack of description. Fulshear v. State, 59 Tex. Cr.R. 376, 128 S.W. 134; Gaines v. State, Tex.Cr.App., 77 S.W. 10; Calentine v. State, 50 Tex.Cr.R. 154, 94 S.W. 1061, 123 Am.St.Rep. 837; Luce v. State, 88 Tex.Cr.R. 46, 224 S.W. 1095, 1097; Holland v. State, 110 Tex.Cr. R. 384, 10 S.W.2d 561; Burns v. State, 112 Tex.Cr.R. 328, 16 S.W.2d 538; Sasse v. State, 113 Tex.Cr.R. 513, 22 S.W.2d 941; Fuller v. State, 118 Tex. Cr.R. 588, 37 S.W.2d 1034; 41 Tex.Jur. 117, paragraph 73. Carlton v. State, 132 Tex.Cr.R. 537, 106 S.W.2d 279.

"That the check must be sufficiently described to identify it has been so fre-quently considered and the reason for the conclusion so thoroughly discussed that we deem it unnecessary to further treat the subject in this opinion."

The disposition in Perry is applicable and controlling in this case.

For the defect in the indictment as pointed out, the judgment of the trial court is reversed and the cause ordered dismissed.