Randolph COOPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 48466.

Court of Criminal Appeals of Texas.

June 5, 1974.

Stan Brown, Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

REYNOLDS, Commissioner.

Appellant was convicted of the offense of theft of property of the value of over fifty dollars. The punishment assessed by the jury was six years' confinement.

Appellant's contention that it was error to overrule his motion for an instructed verdict does not present a valid ground of error. However, since appellant actually is complaining of the sufficiency of the evidence, the ground will be considered in the context of the evidence presented to the jury.

On the morning of July 26, 1973, Tommy Parkinson, the service manager for Rhodes Auto Service located at North First and Cedar Streets in Abilene, received a check from Frito-Lay, Inc., made payable to Rhodes Auto Service in the sum of $51.86. He placed the unendorsed check on top of a twenty dollar bill in the office cash drawer, which contained between seventy and eighty dollars, and left the office.

At approximately 9:30 that morning, a man, positively identified as appellant by three persons, entered the unoccupied office. Donald Gene Parker, a Rhodes employee working in the shop adjacent to the office, saw appellant lean over the counter toward the cash drawer, draw back his closed fist and put it in his pocket, and then pick up a white piece of paper from the desk and put it in his pocket.

Immediately thereafter, Phillip Berry, another Rhodes employee, entered and appellant said he wanted to see Parkinson about a bumper. Parkinson then came in and, after a dicussion about a bumper, appellant walked out the front door.

Parkinson, at Parker's suggestion, looked in the cash drawer and, except for loose change, found it empty. Parkinson, who had custody, control and possession of the money and check, had not given his permission for appellant, or anyone else, to take the property.

Parkinson and Parker went out the door and Parkinson called to appellant, who had started across the street. Appellant returned and Parker asked to see what appellant had in his pockets. Appellant replied, "Man, I am going to have to do something about you." When appellant did not reveal what he had in his pockets, Parkinson entered the store to call the police.

Appellant started across the street. Parker followed. Appellant went to North Second Street and turned right. At North Second and Cedar Streets, Parker saw a police car and, finding the police officer in a store, reported the incident. Leaving the store, Parker ran around the corner of North Second and Cypress Streets, and reached appellant about three-quarters of the way in the block at the time appellant was arrested.

Policeman C. Q. Billings, the arresting officer to whom Parker had reported, ran his hands over appellant to make sure he did not have a weapon. He felt something soft in appellant's front pocket, and the officer thought it might be money. The officer called for detectives and, when they arrived, he escorted appellant to the police station. At the station, a search revealed the $51.86 check in appellant's pocket with

his wallet. There was not found in appellant's pocket the money Officer Billings thought he detected at the first search for weapons, and he did not find the money in the police car.

Detective Jack Dieken, one of the detectives responding to Officer Billings' call, retraced the route appellant had taken from Rhodes Auto Service to the place of arrest. In a planter box in front of a store at 202 Cypress Street, Detective Dieken found a book of matches bearing a Rhodes Automotive Service advertisement and thirty dollars in cash, consisting of a twenty dollar bill, a five dollar bill and five one dollar bills. These items were discovered some thirty to forty minutes after appellant was arrested.

It was shown that, in connection with the financial position of Frito-Lay, Inc., the check had a value of $51.86 and, with an endorsement, would have been bought for, or upon presentation would have been paid in the sum of $51.86. After the check was in the custody of the police, payment was stopped on the check, and Frito-Lay, Inc., paid its account with Rhodes Auto Service.

Appellant did not testify. He called no witness in his behalf at the guilt-innocence phase of the trial.

Appellant argues that the evidence does not show anything of value was taken since the unendorsed check had no value. The cases of Brown v. State, 97 Tex.Cr.R. 452, 262 S.W. 479 (1924), and Rasbury v. State, 136 Tex.Cr.R. 506, 126 S.W.2d 972 (1939), upon which appellant relies for that proposition, are not controlling under the facts here, for in each of those cases there was no evidence that the check made the subject matter of the prosecution would have been paid if presented or otherwise had a value.

■ Here, however, the evidence was that the check had the value of $51.86 and,

upon endorsement, could have been sold for that amount or would have been paid in the sum of $51.86 upon presentation. A check may be the subject of theft, and the fact that the check was not endorsed when it was stolen will not protect appellant. Fulshear v. State, 59 Tex.Cr.R. 376, 128 S.W. 134 (1910); Worsham v. State, 56 Tex.Cr.R. 253, 120 S.W. 439 (1909).

■ Appellant complains of the admission into evidence, over his objections, of the book of matches and the money found in the planter box because there was no direct evidence connecting him with the articles. The complaint is unavailing. In view of the facts that the articles were found along the route travelled by appellant, who was in possession of the check but not the money when arrested, the objections more properly went to the weight rather than to the admissibility of the articles into evidence. The admissibility of the evidence was not subject to the objections made. See Hill v. State, 420 S. W.2d 408 (Tex.Cr.App.1967).

■ The remaining complaint is that the court erred in refusing appellant's requested charge on circumstantial evidence. We perceive no error. Appellant was seen leaning over the counter in the area of the cash drawer. Although appellant actually was not seen to take anything from the cash drawer, the money and check therein were missing immediately thereafter, and the check was found in appellant's pocket. We have consistently held that where the facts are in such close juxtaposition to each other a charge on circumstantial evidence need not be given. Turner v. State, 462 S.W.2d 9 (Tex.Cr.App.1969); De La O v. State, 373 S.W.2d 501 (Tex.Cr.App.1963).

The grounds of error not presenting reversible error, the judgment is affirmed.

Opinion approved by the Court.