Rachel Z. DAVILA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–96–00515–CR.

Court of Appeals of Texas,
San Antonio.

July 23, 1997.

Rehearing Overruled Aug. 28, 1997.

Discretionary Review Refused
Jan. 7, 1998.

Jorge G. Aristotelidis, San Antonio, for Appellant.

Brenda Levenstein, Assistant Crimnal District Attorney, San Antonio, for Appellee.

Before RICKHOFF, LÓPEZ and ANGELINI, JJ.

## OPINION

RICKHOFF, Justice.

Rachel Z. Davila appeals from her bench-trial conviction for theft over $750. She falsely reported that her vehicle was stolen and accepted an insurance draft in settlement of her claim. In three points of error, Davila argues the evidence was insufficient to show she deprived her insurer of the value of the check, that there was a fatal variance between the indictment and the proof, and that the trial court erred in admitting the draft over objection that it was not authenticated. We will affirm the judgment of the trial court.

## FACTS

Davila reported her pickup truck stolen from the North Star Mall parking lot on January 28, 1993; she reported the theft to her insurer on January 29. Unknown to her, San Antonio police running an unrelated "sting" operation had already spotted her pickup truck at a used-car dealership suspected of dealing in stolen vehicles. A salesman at the dealership told the undercover officer he could sell him the truck below market value because it was part of an insurance fraud scheme.

After filing proof of loss papers with her insurer and being deposed on the loss, Davila was asked to come in and pick up her check on March 17. She appeared and signed for the check; she was arrested as she walked out the door.

## FATAL VARIANCE

■ In her second point of error Davila contends there was a fatal variance between the indictment and the evidence, since the indictment charged her with receiving a check but what she actually received was an insurance draft; therefore she should have been granted a directed verdict.

■ As a general rule, a variance between the indictment and evidence at trial is fatal to a conviction. *Plessinger v. State,* 536 S.W.2d 380 (Tex.Crim.App.1976). Due process guarantees the defendant notice of the charges against him, and due process is violated when the indictment alleges one offense but the State proves another. *Ward v. State,* 829 S.W.2d 787, 794 (Tex.Crim.App.1992). However, such a variance must be material to be fatal; this means it must mislead the party to his prejudice. *Stevens v. State,* 891 S.W.2d 649, 650 (Tex.Crim.App.1995). *Plessinger,* 536 S.W.2d at 381.

The Texas Business and Commerce Code defines a check as: "(i) a draft, other than a documentary draft, payable on demand and drawn on a bank or (ii) a cashier's check or a teller's check. An instrument may be a check even though it is described on its face by another term, such as "money order."" TEX. BUS. & COM.CODE ANN. § 3.104(f) (Vernon Supp.1997). A "draft" is defined as an "order." TEX. BUS. & COM.CODE ANN. § 3.104(e). Furthermore, the code distinguishes "insurance draft" from a check as a draft drawn on an insurance company instead of a bank, even if the instrument is "payable through a bank." TEX. BUS. & COM. CODE ANN. § 3.104 cmt. 4 (Vernon Supp. 1997).

Here the instrument in question states that it is "drawn on Citibank Delaware," and indicates "Check Number 6182010463" on the upper right corner. We hold this instrument is in fact a check, and that there was no variance between the evidence produced at trial and the offense alleged in the indictment.

In any case, Davila has tendered no evidence as to how she was misled by this

distinction or how she was prejudiced by this asserted ambiguity.[1]

Davila's second point of error is overruled.

## LEGAL SUFFICIENCY

In her first point of error, Davila complains the evidence was legally insufficient to convict her of theft because there was no proof she had deprived the owner of the face value of the check, since she did not cash it.

■ In reviewing the sufficiency of the evidence, we must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–319, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560; *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim. App.1989), *overruled on other grounds, Geesa v. State,* 820 S.W.2d 154, 161 (Tex.Crim. App.1991).

## THEFT OF A CHECK

■ Davila contends that if she did not cash the instrument, she could not have deprived Mid–Century of property as required by the theft statute; that she should have been charged with fraud, not theft.

■ The value of the property is an essential element of the offense under the Texas theft statute. *Sowders v. State,* 693 S.W.2d 448, 450 (Tex.Crim.App.1985). A check may be the subject of theft, and the fact that the check was not endorsed when it was stolen will not protect an actor. *Fulshear v. State,* 59 Tex.Crim. 376, 128 S.W. 134 (1910); *Worsham v. State,* 56 Tex.Crim. 253, 120 S.W. 439 (1909). Proof of theft of the value of a check requires showing the drawer of the check had funds sufficient to cover the check at the time the actor came into possession of the check. *Brown v. State,* 97 Tex.Crim. 452, 262 S.W. 479 (App.1924); *Rasbury v. State,* 136 Tex.Crim. 506, 126 S.W.2d 972 (App.1939). Evidence a check would be, upon endorsement and presentation, paid in its face amount is proof of its value. *Cooper v. State,* 509 S.W.2d 865, 867 (Tex.Crim.App.1974).

Martine Garcia, the claims supervisor who handled Davila's claim and issued the check, testified the instrument was valid and, had it been properly presented, would have been paid. He also testified that the insurance company had sufficient funds in the bank at the time the check was drawn up to cover the check. We hold this testimony sufficient to establish that the instrument claimed by Davila had value, and she deprived the insurer of that value by claiming the check.

Davila claims Garcia's testimony is irrelevant because the instrument was made out to Davila and the lienholder on her truck; she claims the additional payee negates Garcia's testimony and renders the check valueless. However, negotiable instruments are commonly made out to more than one party; this does not impair the negotiability of the item. TEX. BUS. & COM.CODE ANN. § 3.110(d) (Vernon Supp.1997) (delineating rules governing checks issued to more than one payee).

We overrule Davila's first point of error.

## AUTHENTICATION

■ In her third point of error, Davila contends the check in question was not properly authenticated and was admitted over her objection. Specifically, Davila contends the sponsoring witness, a police officer, did not have personal knowledge of the authenticity of the check. This misunderstands the role of the police officer's testimony in this prosecution. He was present when the check was issued, he arrested Davila immediately thereafter and he recovered the instrument from her person. Clearly the officer had the requisite knowledge to establish that the instrument in question was the subject of the investigation and the prosecution. TEX. R.CRIM. EVID. 901. The check's authenticity and value was proved through the testimony of Martine Garcia.

Davila's third point of error is overruled.

The judgment of the trial court is affirmed.

---

1. We note in passing that on at least a half-dozen occasions during the trial Davila's counsel referred to the instrument in question as a "check." Moreover, the indictment was amended before trial to allege theft of a "check"; Davila did not object.